**Entered on Docket
May 17, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: May 17, 2007**

_____
**EDWARD D. JELLEN
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                            No. 06-42512 J11
                                                 Chapter 11
VICTORIA INGENIERO,

                       Debtor./

## MEMORANDUM

    Creditor TEC, Inc. ("TEC") has moved for an order that a certain judgment in its favor entered by the California Superior Court on November 14, 2006, as amended <u>nunc pro tunc</u> on January 11, 2007 (the "Judgment") is a final judgment. The debtor opposes the motion. The court holds that the Judgment was not final as of December 22, 2006, the date of debtor's chapter 11 petition, and is not yet final by operation of Bankruptcy Code §§ 362(a)(1) and 108(c).

     The parties agree that as of the date of the debtor's petition herein, the 60-day period for the debtor to file a notice of appeal of the Judgment, as provided in Cal. Rules of Court 2, had not run. TEC contends that the appeal deadline is governed by Bankruptcy Code § 108(b), and that § 108(b) operated to extend the deadline for the

Memorandum

debtor to appeal to February 20, 2007 (60 days after the order for relief) but no longer. Because the debtor filed no appeal by that date, TEC argues that the judgment is final. TEC cites a decision of the North Dakota Supreme Court, Prod. Credit Ass'n. of Minot v. Burk, 427 N.W.2d 108 (1988), in support of its contention.

This court disagrees. In Parker v. Bain, 68 F.3d 1131 (9th Cir. 1995), the Ninth Circuit held that § 362(a)(1) operated to stay a debtor from filing an appeal of a decision in an action against the debtor. Thus, since the filing, the debtor has been stayed from filing any appeal of the Judgment.

Bankruptcy Code § 108(c) extends the time for continuing a civil action involving a claim against the debtor to the later of the prescribed period fixed by nonbankruptcy law or 30 days after notice of the expiration of the stay. In In re Hoffinger Industries, 329 F.3d 948 (8th Cir. 2003), the Eighth Circuit, citing Parker, held that the filing of a notice of appeal is a "continuing" of an action within the meaning of § 108(c), and thus, that the deadline for the debtor therein to file a notice of appeal of a decision by the nonbankruptcy court - a California court - did not expire until 30 days after notice that the automatic stay had been lifted.

This court is bound by Parker, and in any event finds Parker and Hoffinger far more persuasive than Burk. Indeed, the Burk court did not even mention Bankruptcy Code § 108(c).

Because the debtor is stayed from filing an appeal, § 362(a)(1) and Parker, the time for the debtor to file an appeal has not run

Memorandum 2

and the judgment in favor of TEC is not final.  Bankruptcy Code § 108(c) and <u>Hoffinger</u>.

The court will issue its order so providing.

\*\* END OF ORDER \*\*

Memorandum 3

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Marc Voisenat<br>1330 Broadway, Suite 1035 |
| 3 | Oakland, CA 94612 |
| 4 | A. Nick Shamiyeh<br>Law Offices |
| 5 | 2221 Olympic Boulevard, Suite 100<br>Walnut Creek, CA 94595 |

Memorandum 4